*197 BAKER, Judge
(dissenting):
I agree with the majority’s conclusion that the staff judge advocate’s failure to disqualify himself was error. “A disqualified staff judge advocate’s participation in the post-trial review process is a serious deficiency.” 60 M.J. at 194. I also agree with the framework used by the majority to assess prejudice. “By definition, assessments of prejudice during the clemency process are inherently speculative. Prejudice, in a case involving clemency, can only address possibilities in the context of an inherently discretionary act.” 60 M.J. at 195. Additionally, I agree with the majority’s consideration of legal policy. “Granting relief in this case is particularly appropriate because the trial defense counsel identified the problem and urged disqualification as a remedy. The staff judge advocate had an opportunity to avoid the issue, but chose not to.” 60 M.J. at 195.
However, I respectfully dissent from the result reached by the majority. I do not believe there is any possibility, other than that found in the logic that we cannot ultimately know how someone might have acted had events been different, that Appellant would have received clemency from the convening authority on his sentence in light of the offenses Appellant stipulated that he committed. Appellant pleaded and was found guilty of violating a general regulation by viewing pornography on a government computer while on duty. He also pleaded guilty to, and was convicted of, willful dereliction of his duties as a hospital respiratory technician for neglecting patients while he viewed pornography, and for falsely annotating the medical charts of respiratory care patients.
According to the stipulation of fact, Appellant was responsible for giving nebulizer treatments to patients and annotating the treatments on their charts to include “time, breath sounds, pulse rate, duration and tolerance of the treatment, peak flow, oxygen saturation and cough.” “During these treatments, the patients inhale medication which makes it easier for them to breathe.” On February 19, Appellant gave nebulizer treatments to three patients at approximately 1200. At this same time, Appellant falsely annotated the patient’s charts to show that he had given nebulizer treatments to the three patients at 1600 as well. The stipulation of fact indicates that Appellant’s actions were discovered by a nurse at 1500. For these actions, Appellant received a bad conduct discharge, reduction to E-l, and no confinement.
Of course, we cannot ultimately know if a another staff judge advocate’s recommendation would have led to a different clemency result, but we do know the stipulated facts and circumstances of Appellant’s offenses, including Appellant’s neglect of his patients and his viewing of pornography on duty, at work. The convening authority swore in an affidavit, “I am confident that I would have approved the sentence without reference to the staff judge advocate recommendations based on my independent review of the evidence and defense submissions.” Thus, this is not a ease where Appellant did not have an opportunity to make his case or where the convening authority was acting alone pursuant to contested facts or an erroneous statement of the offenses. Finally, with the exception of Appellant’s assertion of certain legal errors identified to the convening authority, Appellant did not present as part of his clemency package factors typically suggestive of possible clemency such as a stellar record, honorable combat service, remorse, or dependent obligations and needs.
As a result, although the staff judge advocate’s error in this case was evident, based on this record I do not believe there was any actual possibility of a different outcome during the convening authority’s review. Therefore, the error in question was harmless. For this reason, I respectfully dissent from the result reached by the majority.